UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEANNE KEEFE,

                              Plaintiff,                5:09-CV-0404
                                                                         (GTS/GHL)
v.

SUBWAY OF CAZENOVIA, LLC,

                              Defendant,
_____

SUBWAY OF CAZENOVIA, LLC,

                              Third-Party Plaintiff,

v.

ALLIANCE NY, LLC,

                              Third-Party Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

SYRACUSE UNIVERSITY COLLEGE OF LAW      MICHAEL A. SCHWARTZ, ESQ.
  Counsel for Plaintiff
P.O. Box 6543
Syracuse, NY 13217-6543

COSTELLO, COONEY & FEARSON, PLLC         EDWARD G. MELVIN, ESQ.
  Counsel for Defendant/Third-Party Plaintiff
205 South Salina Street
Syracuse, NY 13202

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

      Currently pending before the Court in this disability discrimination action filed by Jeanne

Keefe ("Plaintiff") against Subway of Cazenovia, LLC ("Defendant/Third-Party Plaintiff") is

Third-Party Plaintiff's motion for default judgment against Alliance NY, LLC ("Third-Party

Defendant"). (Dkt. No. 29.) For the reasons stated below, Third-Party Plaintiff's motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Liberally construed, Plaintiff's Complaint asserts the following two claims against Defendant/Third-Party Plaintiff: (1) violation of the American with Disabilities Act, 42 U.S.C. § 12181; and (2) violation of New York State Human Rights Law, N.Y. Executive Law § 296. (Dkt. No. 1.) Generally, in support of those claims, Plaintiff's Complaint alleges that Defendant/Third-Party Plaintiff's store, located at 63 Albany Street in Cazenovia, New York, is inaccessible to Plaintiff (who is wheelchair bound) because (1) the building's front steps do not have a ramp for wheelchair users to use in order to access the building, and (2) the building's front doors are not wide enough for a wheelchair to fit through. (*Id*.)

### B. Third-Party Plaintiff's Complaint

Liberally construed, Third-Party Plaintiff's Complaint asserts the following two claims against Third-Party Defendant, as the owner and landlord of 63 Albany Street, in Cazenovia, New York: (1) liability for contribution and/or indemnification pursuant to 42 U.S.C. § 12182, 28 C.F.R. § 36.201, and the parties' lease agreement; and (2) breach of contract. (Dkt. No. 22.) Generally, in support of those claims, Third-Party Plaintiff's Complaint alleges as follows: (1) the lease agreement states that (a) Third-Party Defendant will keep the building in compliance with all applicable federal, state, county and municipal building codes, laws and regulations including 42 U.S.C. § 12181, and (b) Third-Party Defendant will indemnify Third-Party Plaintiff and make any necessary alterations to the building resulting from any claims or lawsuits brought

by any person for violation of any code, law or regulation; and (2) all or part of Plaintiff's damages, if any, were caused by the conduct of Third-Party Defendant. (*Id*.)

    **C.    Third-Party Plaintiff's Service of its Third-Party Complaint and Third-Party Defendant's Failure to Answer**

On November 23, 2009, Third-Party Plaintiff served its Complaint on Third-Party Defendant. (Dkt. No. 24.) As of the date of this Decision and Order, Third-Party Defendant has filed no Answer to that Complaint. (*See generally* Docket Sheet.)

    **D.    Clerk's Office's Entry of Default and Third-Party Defendant's Non-Appearance**

On February 4, 2010, Third-Party Plaintiff filed for entry of default. (Dkt. No. 25.) On February 5, 2010, the Clerk of the Court entered default against Third-Party Defendant, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 27.) As of the date of this Decision and Order, Third-Party Defendant has not appeared and attempted to cure that entry of default. (*See generally* Docket Sheet.)

    **E.    Third-Party Plaintiff's Motion for Default Judgment and Third-Party Defendant's Non-Response**

On April 7, 2010, Third-Party Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 29.) As of the date of this Decision and Order, Third-Party Defendant has filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Third-Party Plaintiff argues that it has satisfied the two-step default judgment process required by Fed. R. Civ. P. 55 (Dkt. No. 29.) Familiarity with the particular grounds of Third-Party Plaintiff's motion for default judgment is assumed in this Decision and Order, which is intended primarily for review of the parties.

## II.     RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).

## III.    ANALYSIS

After carefully considering Third-Party Plaintiff's unopposed motion, the Court is satisfied that Third-Party Plaintiff has met its modest threshold burden in establishing entitlement to a default judgment against Third-Party Defendant, under the circumstances.[1] The Court notes that Third-Party Plaintiff's motion would survive even the heightened scrutiny appropriate on a contested motion.

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Third-Party Defendant. However, no

---

[1] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

Answer has been filed and no one has appeared on behalf of Third-Party Defendant.  In addition, the Clerk has already entered default against Third-Party Defendant, and Third-Party Plaintiff has served Third-Party Defendant with its motion for the issuance of default judgment.  However, Third-Party Defendant has still neither responded to the motion nor appeared in this action.  Finally, the Court finds that the factual allegations of the Third-Party Complaint (together with the submission of the leasing contract between Third-Party Plaintiff and Third-Party Defendant) are sufficient to state a claim upon which relief can be granted.  *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

For these reasons, the Court grants Third-Party Plaintiff's motion for the issuance of a default judgment pursuant to Fed. R. Civ. P. 55(b).

**ACCORDINGLY**, it is

**ORDERED** that Third-Party Plaintiff's motion for default judgment (Dkt. No. 29) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment in Third-Party Plaintiff's favor against Third-Party Defendant for indemnification and/or contribution of any damages, caused by the conduct of Third-Party Defendant, for which Third-Party Plaintiff is liable to Plaintiff Keefe, pursuant to Fed. R. Civ. P. 55(b); and it is further

**ORDERED** that Third-Party Defendant is responsible for any alterations to the entrance door and steps of 63 Albany Street, Cazenovia, New York, that may become necessary due to the resolution of the underlying action brought by Plaintiff Keefe; and it is further

**ORDERED** that the damages inquiry against Third-Party Defendant is deferred until after the resolution of the underlying action brought by Plaintiff Keefe; and it is further

**ORDERED** that Third-Party Plaintiff shall serve a copy of this order and judgment upon the Third-Party Defendant via first class mail.

Date: June 22, 2010
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge