UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEANNE KEEFE,

                Plaintiff,                      5:09-CV-0404
                                                                     (GTS/GHL)
v.

SUBWAY OF CAZENOVIA, LLC,

                Defendant,
_____

APPEARANCES:                                      OF COUNSEL:

SYRACUSE UNIVERSITY COLLEGE OF LAW       MICHAEL A. SCHWARTZ, ESQ.
  Counsel for Plaintiff
P.O. Box 6543
Syracuse, NY 13217-6543

COSTELLO, COONEY & FEARON, PLLC          EDWARD G. MELVIN, ESQ.
  Counsel for Defendant
205 South Salina Street
Syracuse, NY 13202

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Currently pending before the Court, in this disability discrimination action filed by Jeanne Keefe ("Plaintiff") against Subway of Cazenovia, LLC ("Defendant"), are the following: (1) Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 33); and (2) Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 34). For the reasons stated below, Plaintiff's motion is denied; Defendant's motion is granted; and Plaintiff's Complaint is dismissed.

I.  **RELEVANT BACKGROUND**

    A.  **Plaintiff's Complaint**

Liberally construed, Plaintiff's Complaint asserts the following two claims against Defendant: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181; and (2) violation of New York State Human Rights Law ("NYHRL"), N.Y. Executive Law § 296. (Dkt. No. 1.) Generally, in support of those claims, Plaintiff's Complaint alleges that Defendant's restaurant is a place of public accommodation that is inaccessible to Plaintiff (who is wheelchair bound) because (1) the building's front steps do not have a ramp for wheelchair users to use in order to access the building, and (2) the building's front doors are not wide enough for a wheelchair to fit through. (*Id.*) Familiarity with the Complaint's remaining factual allegations in support of these two claims is assumed in this Decision and Order, which is intended primarily for the review of the parties.

    B.  **Court's Decision and Order of June 22, 2010**

On June 22, 2010, the Court issued a Decision and Order entering a default judgment in Defendant's favor against Alliance NY, LLC ("Third-Party Defendant"), whom Defendant sued (as a Third-Party Plaintiff) for indemnification and/or contribution of any damages, caused by the conduct of Third-Party Defendant, for which Third-Party Plaintiff is liable to Plaintiff Keefe, pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 31.) In so doing, the Court concluded that Third-Party Defendant is responsible for any alterations to the entrance door and steps of 63 Albany Street, Cazenovia, New York, that may become necessary due to the resolution of the underlying action brought by Plaintiff Keefe. (*Id.*) However, the Court deferred the damages inquiry against Third-Party Defendant until after the resolution of the underlying action brought by Plaintiff Keefe. (*Id.*)

### C. Parties' Motions for Summary Judgment

On October 14, 2010, Plaintiff filed a motion for summary judgment. (Dkt. No. 33, Attach.3.) Generally, in support of her motion, Plaintiff argues as follows: (1) she has standing under Title III of the ADA to bring this action; and (2) she has adduced undisputed record evidence establishing that Defendant has violated Title III of the ADA and Section 296 of the NYHRL by not providing wheelchair access to its restaurant, which is readily achievable. (Dkt. No. 33, Attach. 3, at 2.)

On October 15, 2010, Defendant filed a motion for summary judgment. (Dkt. No. 34, Attach. 4.) Generally, in its motion, Defendant argues that Plaintiff lacks standing to pursue her ADA claim because she has failed to adduce admissible record evidence from which a rational factfinder could conclude that, but for the barrier to her entering Defendant's restaurant, she would visit the restaurant in the imminent future. (*Id*.) Defendant further argues that, because Plaintiff does not have standing to assert her ADA claim, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim. (*Id*.)

On November 5, 2010, Plaintiff filed a response to Defendant's motion for summary judgment. (Dkt. No. 37, Attach. 1.) Generally, in her response, Plaintiff argues as follows: (1) she has standing to pursue her ADA claim because she has actual knowledge of the architectural barriers on Defendant's property, and she lives in close proximity to Defendant's restaurant; and (2) the Court should exercise supplemental jurisdiction over Plaintiff's state law claim because she has standing to bring her ADA claim. (*Id*.)

On November 5, 2010, Defendant filed a response to Plaintiff's motion for summary judgment. (Dkt. No. 39.) Generally, in its response, Defendant argues, *inter alia*, that this Court's Decision and Order of June 22, 2010, makes clear that, in the event it is determined that

Plaintiff has suffered a violation of her rights under the ADA, the Third-Party Defendant is responsible for any alterations to the building in which Defendant's restaurant is located. (*Id.*)

On November 19, 2010, Plaintiff filed a reply to Defendant's response to her motion for summary judgment. (Dkt. No. 41, Attach.1.) Generally, in her reply, Plaintiff argues as follows: (1) a futile gesture is not required to establish standing under the ADA; and (2) Defendant misinterprets the Court's Decision and Order of June 22, 2010, regarding liability for alterations. (*Id.*)

On November 19, 2010, Defendant filed a reply to Plaintiff's response to its motion for summary judgment. (Dkt. No. 43.) Generally, in its reply, Defendant reiterates its previously advanced arguments. (*Id.*)

## II. LEGAL STANDARD GOVERNING A MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see also* Fed. R. Civ. P. 56(e)(2). As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted]. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. [citation omitted].

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986); *see also* Fed. R. Civ. P. 56(c),(e). However, when the moving party has met this initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with specific facts showing a genuine dispute of material fact for trial. Fed. R. Civ. P. 56(c),(e).

What this burden-shifting standard means when a plaintiff has failed to respond to a defendant's motion for summary judgment is that "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, practically speaking, the Court must (1) determine what material facts, if any, are *disputed* in the record presented on the defendants' motion, and (2) assure itself that, based on those *undisputed* material facts, the law indeed warrants judgment for the defendants. *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3). However, the plaintiff's failure to respond to the defendant's motion for summary judgment lightens the defendant's burden on the motion.

More specifically, where a plaintiff has failed to properly respond to a defendant's factual assertions contained in its Statement of Material Facts (a/k/a its "Rule 7.1 Statement"), the factual assertions contained in that Rule 7.1 Statement will be accepted as true to the extent that (1) those facts are supported by the evidence in the record, and (2) the non-moving party, if he is

proceeding *pro se*, has been specifically advised of the potential consequences of failing to respond to the movant's motion for summary judgment. *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d Cir. 2004); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); N.D.N.Y. L.R. 7.1(a)(3); N.D.N.Y. L.R. 56.2.

Similarly, where a plaintiff has failed to respond to a defendant's properly filed and facially meritorious memorandum of law (submitted in support of its motion for summary judgment), the plaintiff is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[1]  Stated another way, where a defendant has properly filed a memorandum of law (in support of a properly filed motion for summary judgment), and the plaintiff has failed to respond to that memorandum of law, the only remaining issue is whether the legal arguments advanced in the defendant's memorandum of law are *facially meritorious*.[2]  A defendant's burden in making legal arguments that are facially

---

[1] *See, e.g., Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

[2] *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) [citations omitted]; *accord, Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

meritorious has appropriately been characterized as "modest."[3]

Implied in the above-stated standard is the fact that, where a non-movant fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute.[4] In the event the district court chooses to conduct such an independent review of the record, any verified complaint filed by the plaintiff should be treated as an affidavit. *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004). That having been said, to be sufficient to create a factual issue for purposes of a summary judgment motion, an affidavit (or verified complaint) must, among other things, be based "on personal knowledge." Fed. R. Civ. P. 56(e)(1). In addition, such an affidavit (or verified complaint) must not be conclusory. Fed. R. Civ. P. 56(e)(2).

---

[3] *Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) [citation omitted]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation); *cf. Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[4] *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

**III.    UNDISPUTED MATERIAL FACTS**

The following material facts are not in dispute in this action. (*Compare* Dkt. No. 33, Attach. 2 *with* Dkt. No. 34, Attach. 5; *compare* Dkt. No. 37, Attach. 2 *with* Dkt. No. 41, Attach. 2.)

Plaintiff suffers from multiple sclerosis and is limited in her ability to walk. For the last four to five years, Plaintiff has used a wheelchair to move from one place to another. It is difficult for Plaintiff to leave her apartment because the door in her building is fast-closing, and, as a result, a friend is needed to assist her when she wants to leave.

Between March 2009 and March 2010, Plaintiff used her wheelchair to go into the village of Cazenovia, where Defendant's restaurant is located, on one occasion, in order to attend a funeral. Because there is no sidewalk leading into the village on the same side of the street as Plaintiff's apartment is located, and Plaintiff "can't get across" to the other side of the street where there is a sidewalk due to the busy nature of the street, Plaintiff's friend walked alongside her.

When she arrived in the village, Plaintiff attempted to enter Defendant's restaurant. However, Plaintiff was unable to enter in her wheelchair because (1) there is a one-foot high front step in front of the building, and (2) the double door through which patrons enter the restaurant is too narrow for Plaintiff to fit in her wheelchair, and opens outward. Since the first time that Plaintiff attempted to enter Defendant's restaurant, no changes have been made to these architectural features of Defendant's restaurant.

Familiarity with the remaining undisputed material facts of this action, as well as the disputed material facts, as set forth in the parties' Rule 7.1 Statement and Rule 7.1 Response, is assumed in this Decision and Order, which (again) is intended primarily for review by the parties. (*Id*.)

## IV.  ANALYSIS

### A.  Plaintiff's Claim Under the ADA

As stated above in Part I.C. of this Decision and Order, Defendant seeks the dismissal of Plaintiff's ADA claim because Plaintiff lacks standing to pursue this claim. Conversely, Plaintiff seeks summary judgment on this claim because (1) she has standing to assert her claim, and (2) she has adduced undisputed record evidence establishing that Defendant violated the ADA by not providing wheelchair access to its restaurant, which is readily achievable. (Dkt. No. 33, Attach. 3, at 8-9.)

After carefully considering the matter, the Court accepts Defendant's argument, and rejects Plaintiff's argument, for the reasons stated below.

"Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies." *Small v. Gen. Nutrition Co., Inc.*, 388 F. Supp.2d 83, 86 (E.D.N.Y. 2005) "As a result, the plaintiffs' standing to sue 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Small*, 388 F. Supp.2d at 86 (citing *Warth v. Seldin*, 422 U.S. 490, 498 [1975]). "Courts must assess whether standing exists based on the facts as they existed at the time the lawsuit was filed." *Id.* "To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 [1992]).

"An 'injury in fact' is a harm that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (citing *Lujan*, 504 U.S. at 560). "The plaintiff must show that he or she 'sustained or is immediately in danger of sustaining some direct injury

9

as the result of the challenged . . . conduct and [that] the injury or threat of injury [is] both real and immediate . . . .'" *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 [1983]). "Courts considering ADA claims have found that plaintiffs who have encountered barriers at public accommodations prior to filing their complaints have standing to bring claims for injunctive relief if they show *a plausible intention or desire to return to the place but for the barriers to access*." *Id.* at 87 [emphasis added]. "Intent to return to the place of injury 'some day' is insufficient." *Id.* (citing *Lujan*, 504 U.S. at 564). "Although, in the context of Title III of the ADA, plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying . . . they must at least prove actual knowledge of the barriers and *show that they would visit the building in the imminent future but for those barriers*." *Id.* (citing *Steger v. Franco, Inc.*, 228 F.3d 889, 892 [8th Cir. 2000]) [emphasis added].

Here, Plaintiff has not established that she has suffered an injury in fact. This is because Plaintiff has not adduced admissible record evidence from which a rational factfinder could conclude that she would visit Defendant's restaurant in the imminent future *but for* the barriers to her entrance. The Court makes this finding for three reasons.

First, the fact that Plaintiff lives less than half a mile from Defendant's restaurant does not, by itself, establish her intent to return to that restaurant. *See Small*, 388 F. Supp.2d at 90 ("[W]hile proximity is relevant to the determination of a plaintiff's intent to return to an accommodation in the future, it is insufficient, on its own, to establish Title III's requirement for injunctive relief or the 'actual knowledge' and 'intent to return' requirements of Title III's futile gesture clause."); *Fox v. Morris Jupiter Assocs.*, 05-CV-80689, 2007 WL 2819522, at *9 (S.D. Fla. Sept. 21, 2007) (finding proximity to be but one factor to evaluate when deciding the

likelihood that a plaintiff will return to the defendant's facility and suffer a repeat injury citing); *accord*, *Hubbard v. Rite Aid Corp.*, 433 F. Supp.2d 1150, 1162-63 (S.D. Cal. 2006).

Second, although Plaintiff testified, at her deposition in March 2010, that she would patronize Defendant's restaurant in the future but for the barriers, she testified also that (1) she left her apartment in her powerized wheelchair (to travel on the sidewalk or roadway) only once between March 2009 and March 2010, in order to attend a funeral, and (2) she left her apartment in a van "every couple of months" between July 2009 and March 2010, in order to attend medical appointments. (Dkt. No. 33, Attach.6, at 8-10.) Those are the *only* times that Plaintiff left her apartment between March 2009 and March 2010. (*Id.*) Furthermore, there is no evidence in the record to suggest that (1) she travels past Defendant's restaurant on her way to, or from, her medical appointments, (2) she does so during hours of operation, when she would ordinarily eat, and/or (3) the individual(s) who drive the van transporting her have stopped, or would be willing to stop, for food. In other words, a rational factfinder could not conclude, from the current record, that Plaintiff frequently leaves her residence, let alone that she frequently travels to destinations near Defendant's restaurant. *See Molski v. Mandarin Touch Rest.*, 385 F. Supp.2d 1042, 1045, 1047 (C.D. Cal. 2005) (holding no likelihood of future injury when "the plaintiff's frequency of travel near defendant" consisted of him stopping often in the 15-20 visits over the last two years, because "the contact is often insubstantial"); *Harris v. Stonecrest Care Auto Ctr.*, 472 F. Supp.2d 1208, 1216 (S.D. Cal. 2007) (finding no standing because plaintiff did not travel frequently near defendant's store, but rather only did so on occasions when his business brought him to the area); *Brown v. Grand Island Mall Holdings, Ltd.*, 09-CV-3086, 2010 WL 489531, at *4 (D. Neb. Feb. 8, 2010) (dismissing ADA claim for lack of standing, noting that, although plaintiff lived in close proximity to defendant's location, which she visited

11

on one occasion, she failed to, among other things, "express[] any definite intention to return [to defendant's shopping center], . . . indicate[] that she is often in the vicinity of the shopping center, or . . . that she generally shops for herself or is interested in any of the products or services (whatever they may be) that are provided at the [shopping center]"); *cf. Park v. Ralph's Grocery Co.*, 254 F.R.D. 112, 119 (C.D. Cal. 2008) (holding that the plaintiff had standing to assert his ADA claim because he had "definite plans to return, and travel near some of defendant's stores that are in violation of the ADA").

Third, setting aside the infrequent nature of Plaintiff's travels to destinations near Defendant's restaurant, there is no evidence in the record from which a rational factfinder could conclude that Plaintiff has a *general desire* to return to Defendant's restaurant (which would not even be enough to establish standing),[5] let alone an *actual* desire to return to Defendant's restaurant *in the imminent future*. Rather, in her deposition, Plaintiff testified only that she "enjoys their subs very much." (Dkt. No. 33, Attach. 6, at 16.) This testimony alone does not establish an intent to return at any point, let alone in the imminent future. *See Lujan*, 504 U.S. at 564 ("[S]ome day [intentions] . . . without any description of concrete plans, or indeed even any speculation of when the some day will be . . . do not support a finding of actual or imminent injury."); *Bensman v. U.S. Postal Servs.*, 408 F.3d 945, 961-62 (7th Cir. 2005) (noting that plaintiff could not establish standing merely on the basis of past visits to affected land, and that plaintiff's vague "some day intentions" to return to the affected land could not support a finding of an "actual or imminent" injury); *cf. D'lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031,

---

[5] *See Small*, 388 F. Supp.2d at 89 (noting that "a general desire to patronize" defendant's store is insufficient to establish that plaintiff would visit defendant's store in the imminent future but for the barriers to entry).

1037-39 (9th Cir. 2008) (finding intent to return based on plaintiff visiting location one to three times a year over an eight-year span, and planning three upcoming trips). This is especially true given that the record indicates that food from Defendant's restaurant was brought to her on previous occasions (i.e., she has enjoyed, and can continue to enjoy, food from Defendant's restaurant without physically visiting the restaurant).

In support of her argument to the contrary, Plaintiff relies heavily on *Parr v. L & L Drive-Inn Rest.*, in which a plaintiff who visited a restaurant on one occasion was found to have standing to assert his ADA claim. *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp.2d 1065 (D. Haw. 2000). In *Parr*, the court based its finding of standing on the fact that the plaintiff had visited several of the defendant's chain restaurants in different areas, and showed a sincere intent to return. *Parr*, 96 F. Supp.2d at 1079. The court also noted that fast food patrons do not require advanced planning because the decision to eat fast food is made "spur of the moment" and "on impulse." *Id.*

Setting aside the fact that the Court is not persuaded by the reasoning in *Parr*, and the fact that *Parr* is not binding on this Court, the Court notes that *Parr* is factually distinguishable from this case because, unlike the plaintiff in *Parr*, Plaintiff in this case testified that she requires "planning, people to help, et cetera" in order to travel to Defendant's restaurant. (Dkt. No. 33, Attach. 6, at 17.) In other words, Plaintiff cannot go to Subway "spur of the moment," or "return on impulse," as the plaintiff could in *Parr*. In addition, unlike the plaintiff in *Parr*, Plaintiff in this case has not shown a sincere desire to return to Defendant's restaurant, as evidenced by (1) the fact that she has attempted to visit only once, and (2) her testimony that she decided to sue Defendant, as opposed to other businesses in the village of Cazenovia, because she "just wanted to pick one business to go after as an example," and "if [she] had positive results out of that, . . .

[she] could go to the other businesses" with a demand for change.[6]  *Cf. Parr*, 96 F. Supp.2d at 1079 (noting that past patronage plus a sincere intent to return renders an injury actual or imminent).

For all of these reasons, the Court finds that Plaintiff lacks standing to assert her ADA claim.  As a result, the Court dismisses Plaintiff's ADA claim without prejudice.  In so doing, the Court is reminded of what a district judge in the Western District of Wisconsin stated after rendering a similar ruling:

> The Court is not unsympathetic to plaintiff's situation.  Unfortunately, neither the law nor the facts are on plaintiff's side in this case.  Because plaintiff lacks standing, the court lacks jurisdiction to consider [plaintiff's] case.  Therefore, defendant's motion must be granted.

*Scheibe v. Nat'l Bd. of Med. Examiners,* 424 F. Supp.2d 1140, 1145 (W.D. Wisc. 2006).  The Court would add only that this Decision and Order, of course, expresses no opinion on what the merits of Plaintiff's ADA claim would have been, had she established standing to assert it.

### B.   Plaintiff's Claim Under NYHRL § 296

Given that none of the alleged violations of the ADA survive Defendant's summary judgment motion, the action is now without any federal claim.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  For this reason, Plaintiff's claim under NYHRL § 296 is dismissed without prejudice.

---

[6]   (Dkt. No. 33, Attach. 6, at 26.)

ACCORDINGLY, it is

ORDERED that Defendant's motion for summary judgment (Dkt. No. 34) is **GRANTED**; and it is further

ORDERED that Plaintiff's motion for summary judgment (Dkt. No. 33) is **DENIED**; and it is further

ORDERED that Plaintiff's Complaint **DISMISSED** without prejudice. The clerk is directed to enter judgment and close this case.

Dated: September 27, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge